UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>DENZEL CHISHOLM et al.,<br><br>    *Defendants.* | 1:16-cr-10096-PBS |

**DENZEL CHISHOLM'S MOTION IN LIMINE
TO PRECLUDE GANG REFERENCES**

The Defendant Denzel Chisholm respectfully requests that the Court preclude the Government and witnesses from referring to Mr. Chisholm as a member of a gang, street gang, or the "NAUTI-BLOCK" gang. In the context of this case, such references are substantially more prejudicial than probative. Fed. R. Evid. 403.

**BACKGROUND**

In a thirty-five count indictment, the Government has charged Mr. Chisholm and others with, among other offenses, distributing heroin, possessing heroin with intent to distribute, possessing a firearm, and conspiring to possess heroin with intent to distribute. As part of its case, the Government may intend to offer evidence that Mr. Chisholm and some of his alleged co-conspirators belonged to the NAUTI-BLOCK street gang in support of its claim that Mr. Chisholm conspired to violate the Controlled Substances Act. Not all charged co-conspirators belonged to the alleged gang, and there is nothing to indicate that all members of the alleged gang are co-conspirators.

## ARGUMENT

The Court should exclude references to Mr. Chisholm being a member of a gang, street gang, or the "NAUTI-BLOCK" gang because such references are substantially more prejudicial than probative. Rule 403 provides that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the phrases "gang," "street gang," and "NAUTI-BLOCK" have limited probative value because they do not make it more or less probable that Mr. Chisholm engaged in the charged conspiracies; instead, they unfairly prejudice Mr. Chisholm by inspiring assumptions about his character, his relationship with others alleged to be "gang" members, and his behavior, invading the province of the jury. The Court should therefore exclude such references.

First, alleged membership in a "gang" is not evidence of conspiracy. The "essence of conspiracy is an agreement to commit a crime." *United States v. Portela*, 167 F.3d 687, 695 (1st Cir. 1999) (internal quotations omitted). Proof of conspiracy requires evidence of "the existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy." *See United States* v. *Gomez-Pabon*, 911 F.2d 847, 852 (1st Cir. 1990). *Accord United States v. Pizarro*, 772 F.3d 284, 293-94 (1st Cir. 2014). By contrast, a gang is simply a group of people who may or may not have agreed to commit a charged offense. *See* Merriam-Webster Dictionary, *gang*, https://www.merriam-webster.com/dictionary/gang ("group: such as (1): a group of persons working together (2): a group of persons working to unlawful or antisocial ends; especially: a band of antisocial adolescents"). As such, evidence of gang membership or affiliation does not make it more or less probable that the gang member agreed to commit a specific charged crime. In other words, using gang membership or affiliation as an indicator of conspiracy is both under and over inclusive: not every gang

member may be party of the conspiracy, and not every conspirator may be a member of the gang. "Membership in the Winter Hill **Gang** ." *Cf. United States v. Connolly*, 341 F.3d 16, 28 (1st Cir. 2003) (noting that membership in a gang "does not, ipso facto, preclude membership in another criminal enterprise").

Second, evidence of alleged gang membership in this case does provide any insight as to the motives of Mr. Chisholm or others. In cases involving competing or warring gangs, evidence of gang membership can help explain why a defendant assaulted a member of a rival gang. *See, e.g.*, *United States v. Brandao*, 539 F.3d 44, 56 (1st Cir. 2008). This case is about alleged drug trafficking, where the motive—money—is self evident. Evidence of alleged gang membership adds nothing of value about Mr. Chisholm's motives. The phrasing thus carries little probative value.

By contrast, the phrasing's potential prejudice is substantial. The word "gang" carries deeply negative connotations with complex social, racial, and economic implications. As courts have found, "[m]ost street gangs suffer from poor public relations," and gang membership is "damaging to [a defendant] in the eyes of the jury." *See United States v. Lewis*, 910 F.2d 1367, 1372 (7th Cir. 1990). *Accord United States v. Butler*, 71 F.3d 243, 251 (7th Cir. 1995). Calling Mr. Chisholm a gang member raises a host of issues about his character. With character evidence inadmissible to prove action in conformity therewith, *see* Fed. R. Evid. 404(a), the risk of jurors considering evidence of gang membership for improper reasons counsels for its exclusion.

Evidence of gang membership also runs the risk of invading the province of the jury by confusingly implying the existence of a conspiracy. As discussed above, conspiracy and gang membership are two independent issues. But because the concepts of affiliation and agreement can appear similar, using "gang" phrasing may sway jurors into believing that a conspiracy exists even if evidence of agreement is lacking. This risks robbing Mr. Chisholm of his Sixth Amendment right to have a jury decide his guilt or innocence by substituting the Government's view for the jurors' view.

Finally, allowing the motion does not prejudice the Government. The Government does not lack in names to describe the members of the conspiracy. One phrase that the Government has already used to describe the group—"Chapman DTO" or "Chapman drug trafficking organization"—is as descriptive but lacks the inflammatory character of "gang" and "NAUTI-BLOCK." The Court should therefore prohibit the use of "gang," "street gang," and "NAUTI-BLOCK" as substantially more prejudicial than probative. *See* Fed. R. Evid. 403; *cf. also United States v. Sampson*, 335 F. Supp. 2d 166, 224-25 (D. Mass. 2004) (Wolf, J.) (excluding gang affiliation evidence under the similar balancing test of 18 U.S.C. § 3593(c)).

## CONCLUSION

Mr. Chisholm respectfully requests that the Court preclude the Government and witnesses from referring to Mr. Chisholm as a member of a gang, street gang, or the "NAUTI-BLOCK" gang.

Respectfully submitted,

Date: May 5, 2017

/s/Leonard E. Milligan III
Leonard E. Milligan III #668836
Milligan Rona Duran & King LLC
50 Congress Street, Suite 600
Boston, MA 02109
jhk@mrdklaw.com
Tel. (617) 395-9570 x104
Fax (855) 395-5525

*Counsel for Defendant Denzel Chisholm*

### LR 7.1(A)(2) CERTIFICATION

I, Leonard E. Milligan III, hereby certify that I conferred with counsel for Plaintiff and attempted in good faith to resolve the dispute without court action.

Date: May 5, 2017

/s/Leonard E. Milligan III
Leonard E. Milligan III

**CERTIFICATE OF SERVICE**

I, Leonard E. Milligan III, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

Date: May 5, 2017                              /s/ Leonard E. Milligan III
                                                              Leonard E. Milligan III