UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

DENZEL CHISHOLM et al.,

*Defendants.*

1:16-cr-10096-PBS

### DENZEL CHISHOLM'S MOTION IN LIMINE
### TO EXCLUDE PERSONAL SEXUAL HABIT EVIDENCE

The Defendant Denzel Chisholm is charged with, essentially, drug and firearm charges.  Despite evidence the government considers substantial, they intend to introduce evidence of Mr. Chisholm's sexual relationships with co-conspirators and others.  Mr. Chisholm respectfully requests that the Court preclude the Government and witnesses from testifying about Mr. Chisholm's private sex life. In the context of this case, such references are substantially more prejudicial than probative. Fed. R. Evid. 403.  Such evidence also constitutes impermissible character evidence. Fed. R. Evid. 404.

### BACKGROUND

In a thirty-five count indictment, the Government has charged Mr. Chisholm and others with, among other offenses, distributing heroin, possessing heroin with intent to distribute, possessing a firearm, and conspiring to possess heroin with intent to distribute. As part of its case, the Government may intend to offer evidence that Mr. Chisholm had a sexual relationship with two of his co-defendants (Molly London and Elyse Mateo).  They further allege that government agents interpret his wiretap audio to include discussion of sex for drugs.  The use of Mr. Chisholm's sexual relations would

1

be highly inflammatory and is not probative of his alleged distribution or conspiracy to distribute, controlled substances.

## ARGUMENT

The Court should exclude references to Mr. Chisholm's personal sex life.  Not only would the facts of his personal sex life be irrelevant to his conspiracy to distribute, it would inflame the jury and confuse important issues. Fed. R. Evid. 403, 404. In *United States v. Delgado-Marrero*, 744 F.3d 167, (2014), the First Circuit admonished the District Court and the Government for the use of marginally relevant sexual information, in that case, a homosexual encounter. *Id*, 744 F.3d 205-206.  ("There will be, on virtually every jury, people who would find the lifestyle and sexual preferences of a homosexual or bisexual person offensive.... [O]ur criminal justice system must take the necessary precautions to assure that people are convicted based on evidence of guilt, and not on the basis of some inflammatory personal trait.") The proposition of excluding inflammatory sexual traits in no less true for Mr. Chisholm's alleged acts, particularly those set-forth by the government in its Trial Brief.

It is the act of agreement to commit crimes that the government has alleged and must prove; Not Mr. Chisholm's polyamory or his less-than-admirable personal sex life. That he had consensual sex with co-defendants does not tend to prove they also agreed to commit violations of the Controlled Substances Act.  The government's belief that Mr. Chisholm had intercourse with drug purchasers likewise doesn't affect their accusation of distribution—had he taken cash, sex, in-kind drugs, or nothing at all—he would still have distributed drugs.

For these reasons, Mr. Chisholm respectfully requests that the Court preclude the Government and witnesses from testifying about his personal sex life.

Respectfully submitted,

Date: May 5, 2017                  /s/ Leonard E. Milligan III
                                   Leonard E. Milligan III #668836
                                   Milligan Rona Duran & King LLC
                                   50 Congress Street, Suite 600
                                   Boston, MA 02109
                                   jhk@mrdklaw.com
                                   Tel. (617) 395-9570 x104
                                   Fax (855) 395-5525

                                   *Counsel for Defendant Denzel Chisholm*


### LR 7.1(A)(2) CERTIFICATION

I, Leonard E. Milligan III, hereby certify that I conferred with counsel for Plaintiff and attempted in good faith to resolve the dispute without court action.

Date: May 5, 2017                  /s/ Leonard E. Milligan III
                                   Leonard E. Milligan III


### CERTIFICATE OF SERVICE

I, Leonard E. Milligan III, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

Date: May 5, 2017                  /s/ Leonard E. Milligan III
                                   Leonard E. Milligan III