UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

     *Plaintiff,*

  v.

DENZEL CHISHOLM et al.,

     *Defendants.*

1:16-cr-10096-PBS

## DENZEL CHISHOLM'S MOTION TO DISQUALIFY ATTORNEY MICHELLE BRENNAN FROM REPRESENTING AARON MOTT-FRYE

The Defendant Denzel Chisholm respectfully requests that the Court disqualify Michelle Brennen, Esq., from representing Codefendant Aaron Mott-Frye. In the present case, Mr. Mott-Frye's interests are materially adverse to Mr. Chisholm, and Ms. Brennan previously represented and consulted with Mr. Chisholm in related matters. Because Mr. Chisholm does not wish to waive this conflict, the Court must disqualify Mr. Brennan from representing Mr. Mott-Frye. *See* Mass. R. Prof. C. 1.9(a).

## BACKGROUND

In a thirty-five count indictment ("Federal case"), the Government has charged Mr. Chisholm, Mr. Mott-Frye, and others with, among other offenses, distributing heroin, possessing heroin with intent to distribute, possessing a firearm, and conspiring to possess heroin with intent to distribute.

In late 2016, the Commonwealth of Massachusetts charged Mr. Chisholm with violating the terms of his probation out of the Barnstable Superior Court ("Barnstable case"). The surrender notice alleged that Mr. Chisholm violated his probation by

committing a new offense, namely the criminal offenses that form the basis of the Federal case. Mr. Chisholm hired Ms. Brennan to represent him in the Barnstable case.

Ms. Brennan entered an appearance in the Barnstable case and stipulated that Mr. Chisholm had violated his probation. The court sentenced Mr. Chisholm to a term of imprisonment in the Massachusetts Correctional Institution at Cedar Junction.

In early 2017, Mr. Mott-Frye retained Ms. Brennan to defend him in the Federal case. Ms. Brennan has entered an appearance on behalf of Mr. Mott-Frye.

At trial, it is expected that Mr. Mott-Frye and Mr. Chisholm's respective defenses will point blame at the other for the alleged criminal offenses. It is possible that one or both will testify in their own defense.

## ARGUMENT

The Court should disqualify Ms. Brennan from representing Mr. Mott-Frye because the representation amounts to a conflict of interest. Professional Conduct Rule 1.9(a) provides that a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Mass. R. Prof. C. 1.9(a) (2015). Applying the rule to this case, there is no question that Ms. Brennan previously represented Mr. Chisholm and that Mr. Chisholm does not now waive any conflict. The questions therefore are (1) whether the Barnstable case and the Federal case are "substantially related," and (2) whether Mr. Mott-Frye and Mr. Chisholm's interests are materially adverse. *See id. Accord ebix.com, Inc.  v. McCracken*, 312 F. Supp. 82, 89 (D. Mass. 2004) (Collings, Mag. J.) (quoting *Adoption of Erica*, 426 Mass. 55, 61, 686 N.E.2d 967, 971 (1997)).

> **A.**    **The Barnstable case and Federal case are substantially related because confidential facts concerning Mr. Chisholm's role in the offenses alleged in the Federal case would materially advance Mr. Mott-Frye's**

**present position, and those facts "would normally have been obtained" in the Barnstable case.**

The Barnstable case and Federal case are substantially related. Comment 3 to Rule 1.9(a) explains that matters "are 'substantially related' … if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information *as would normally have been obtained in the prior representation* would materially advance the client's position in the subsequent matter." Mass. R. Prof. C. 1.9(a), cmt. 3 (emphasis added). Given that Ms. Brennan represented Mr. Chisholm in the Barnstable case wherein he stipulated to a probation violation predicated in part on the alleged commission of the offenses in the Federal case, there is a substantial risk that Ms. Brennan would have learned confidential facts about Mr. Chisholm's role in the alleged offenses. Under Massachusetts law, stipulations to probation violations "must be knowing and voluntary." *Commonwealth v. Sayyid*, 86 Mass. App. Ct. 479, 489, 17 N.E.3d 469, 477 (2014) (citing *United States* v. *Correa-Torres*, 326 F.3d 18, 24 (1st Cir. 2003)). In addition, attorneys are ethically prohibited from knowingly making false statements to a tribunal or offering false evidence. *See* Mass. R. Prof. C. 3.3(a). Together, these concepts all but spell out a requirement for attorneys to inquire into a probationer's conduct that forms the basis of an alleged violation before permitting the probationer to stipulate to the violation. Thus, "factual information as would normally have been obtained in the prior representation" in this context includes facts about Mr. Chisholm's role in the Federal case, which formed the basis of the Barnstable case. *See* Mass. R. Prof. C. 1.9(a), cmt. 3.

Given that Mr. Mott-Frye's trial defense in the Federal case likely involves minimizing his role in the alleged conspiracy and playing up Mr. Chisholm's role, information normally obtained in cases like the Barnstable case "would materially advance" Mr. Mott-Frye's position in the Federal case. *Id.* The benefit to Mr. Mott-Frye will be even greater if Mr. Chisholm testifies, as Ms. Brennan will have the benefit of

confidential information gleaned from the Barnstable case when she cross examines him in the Federal case. Given the material advancement of Mr. Mott-Frye's position and the facts normally obtained in probation-violation representations, the Barnstable case and Federal case are therefore substantially related under Rule 1.9(a).

Importantly, the question is not what an attorney *actually* learned in the representation; as Comment 3 makes clear, the "former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter." Mass. R. Prof. C. 1.9(a), cmt. 3. Thus, the Court need not and should not delve into the specifics of attorney-client communications between Mr. Chisholm and Ms. Brennan, and Ms. Brennan should not divulge the contents of any such communications.

**B.      Mr. Mott-Frye and Mr. Chisholm's respective interests in the Federal case are materially adverse.**

Given Mr. Mott-Frye and Mr. Chisholm's status as codefendants in a case charging a major drug-trafficking conspiracy, all parties expect that their respective defenses will include shifting blame off themselves and onto someone else in the alleged conspiracy. Given this likelihood, Mr. Mott-Frye and Mr. Chisholm's respective interests are materially adverse. *Cf.* Mass. R. Prof. C. 1.7, cmt. 23 (noting the particularly "grave" potential for conflicts of interests between codefendants).

**C.      Mr. Chisholm does not waive Ms. Brennan's conflict of interest. The Court's analysis therefore need not reach the Sixth Amendment question.**

This is not a case like *United States v. Lemieux*, where both former and present clients waive the conflict. *See United States v. Lemieux*, 532 F. Supp. 2d 225, 231 (D. Mass. 2008) (Hillman, Mag. J.) (noting the general undesirability of disqualifying an attorney whose former and present clients have waived conflicts and the heavy burden of showing actual conflict). In those situations, a different disqualification analysis occurs because

the basis for disqualification is the Sixth Amendment. *See id.* Here, the Court's analysis should focus on Rule 1.9(a), not the Sixth Amendment. That said, the Court should keep in mind one lesson from the U.S. Supreme Court's Sixth Amendment jurisprudence: "Nor may a defendant insist on the counsel of an attorney who has a previous or ongoing relationship with an opposing party…." *Wheat v. United States*, 486 U.S. 153, 159 (1988). In other words, Mr. Mott-Frye may not insist on the counsel of Ms. Brennan because of her previous relationship with Mr. Chisholm. The Court should therefore disqualify Ms. Brennan.

## CONCLUSION

For these reasons, Mr. Chisholm respectfully requests that the Court disqualify Ms. Brennan from representing Mr. Mott-Frye.

Respectfully submitted,

Date: May 5, 2017

/s/ Leonard E. Milligan III
Leonard E. Milligan III #668836
Milligan Rona Duran & King LLC
50 Congress Street, Suite 600
Boston, MA 02109
jhk@mrdklaw.com
Tel. (617) 395-9570 x104
Fax (855) 395-5525

*Counsel for Defendant Denzel Chisholm*

## LR 7.1(A)(2) CERTIFICATION

I, Leonard E. Milligan III, hereby certify that I conferred with counsel for Aaron Mott-Frye and attempted in good faith to resolve the dispute without court action.

Date: May 5, 2017

/s/ Leonard E. Milligan III
Leonard E. Milligan III

## CERTIFICATE OF SERVICE

I, Leonard E. Milligan III, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.


Date: May 5, 2017                                  /s/Leonard E. Milligan III
                                                   Leonard E. Milligan III