UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>DENZEL CHISHOLM et al.,<br><br>*Defendants.* | 1:16-cr-10096-PBS |

**DENZEL CHISHOLM'S OBJECTIONS TO THE
GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30(d), the Defendant Denzel Chisholm respectfully submits the following objections to the Government's proposed jury instructions (ECF No. 551).

**OBJECTIONS**

1. **"Impeachment of Witness Testimony by Prior Conviction"**

Mr. Chisholm requests that if the Court decides to charge the jury with the Government's proposed instruction on "impeachment of witness testimony by prior conviction," that it should also explain to the jury how a prior conviction may affect a witness's credibility. For example, the Court may append the following instruction to the Government's proposed instruction to expand on the issue:

> While a prior conviction does not necessarily affect a witness's present credibility, a witness's "earlier disregard for the law may suggest … [a] similar disregard for the courtroom oath."[1]

## 2. "Burden of Proof"

Mr. Chisholm objects to the Government's proposed instruction on "Burden of Proof" for its inclusion of the following statement: "Nor must the government exclude every **reasonable** hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt." ECF No. 551, at 17. The proposed instruction risks leading the jury to apply a burden of proof that is inconsistent with the mandate of our Constitution. As the First Circuit acknowledged in *United States v. Cleveland*, proof beyond a reasonable doubt "require[s] that the evidence exclude *any reasonable doubt* concerning a defendant's guilt." *United States v. Cleveland*, 106 F.3d 1056, 1063 (1st Cir. 1997). Instructing the jury that the Government need not exclude "every reasonable hypothesis of innocence" suggests to the jurors that they may convict even if a reasonable hypothesis of innocence exists. *See* ECF No. 551, at 17. Eliminating the phrase eliminates the risk.

---

[1] *Commonwealth v. Harris*, 443 Mass. 714, 720, 825 N.E.2d 58, 63 (2005) (citing *Commonwealth v. Fano*, 400 Mass. 296, 302–03, 508 N.E.2d 859 (1987)). *Accord Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 511 (1989) (describing the historical basis for Fed. R. Evid. 609). *See also Green*, 490 U.S. at 511 ("[T]he disqualification arose as part of the punishment for the crime, only later being rationalized on the basis that such a person was unworthy of belief.") (quoting 3 J. Weinstein & M. Berger, Weinstein's Evidence para. 609[02], p. 609-58 (1988) (citing 2 J. Wigmore, Evidence § 519 (3d ed. 1940))); *Harris*, 443 Mass. at 720, 825 N.E.2d at 63 ("One who has been convicted of a crime is presumed to be less worthy of belief than one who has not been so convicted.") (citing *Brillante v. R.W. Granger & Sons*, 55 Mass. App. Ct. 542, 545, 772 N.E.2d 74 (2002)).

3.  **"Possession of a Firearm by a Felon"**

Mr. Chisholm objects to the Government's proposed instruction on "Possession of a Firearm by a Felon" for its inclusion of the following language:

> In considering the issue of possession in this case, it is not necessary for you to conclude that the defendant was in actual or constructive possession of the firearm for any specified period of time. Even momentary possession (whether actual or constructive) may be sufficient for you to convict provided that you are convinced beyond a reasonable doubt that the defendant knew what he was possessing was a firearm.

ECF No. 551, at 42.

This proposed instruction is misleading because it implies that even fleeting, knowing contact with a firearm may be sufficient to convict a defendant of possession. *See Commonwealth v. Romero*, 464 Mass. 648, 654, 984 N.E.2d 853, 858 (2013) (applying Massachusetts law and finding insufficient evidence to prove possession of a firearm despite a defendant's admission that he had handled the firearm). There are circumstances when "transitory" possession of a firearm does not mean a violation of 18 U.S.C. § 922(g). *See United States v. Mercado*, 412 F.3d 243, 251–52 (1st Cir. 2005) (citing *United States v. Mason*, 233 F.3d 619, 624 (D.C. Cir. 2000) (defining an innocent-possession defense requiring proof of transitory possession)). *See also United States v. Williams*, 29 Fed. Appx. 486, 488 (9th Cir. 2002) ("A person is not in possession of something simply because the person momentarily touches or holds the thing or has passing control of it. The person has possession of the thing only if he takes steps to have physical custody of or dominion and control over the thing and has actual control, care, and management of the thing."). Mr. Chisholm therefore requests that the Court strike this proposed instruction.

Respectfully submitted,

Date: May 19, 2017            /s/Leonard E. Milligan III
                              Leonard E. Milligan III #668836
                              Milligan Rona Duran & King LLC
                              50 Congress Street, Suite 600
                              Boston, MA 02109
                              jhk@mrdklaw.com
                              Tel. (617) 395-9570 x104
                              Fax (855) 395-5525

                              *Counsel for Defendant Denzel Chisholm*

## CERTIFICATE OF SERVICE

I, Leonard E. Milligan III, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

Date: May 19, 2017            /s/Leonard E. Milligan III
                              Leonard E. Milligan III