UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>DENZEL CHISHOLM et al.,<br><br>    *Defendants.* | 1:16-cr-10096-PBS |

### DENZEL CHISHOLM'S OBJECTIONS TO THE ADMISSION OF RICHARD SERRIELLO'S GRAND-JURY TESTIMONY

    The Defendant Denzel Chisholm respectfully objects to the admission of Richard Serriello's grand-jury testimony as substantive evidence. The testimony does not qualify under the non-hearsay definition of Federal Rule of Evidence 801(d)(1)(A), its admission abridges Mr. Chisholm's Constitutional confrontation right, and the circumstances places all attorneys on precarious ethical ground.

### ARGUMENT

    The Court should not permit the admission of Mr. Serriello's grand-jury testimony as substantive evidence. Federal Rule of Evidence 801(d)(1)(A) defines a prior inconsistent statement given under oath about which the declarant is subject to cross-examination to be non-hearsay. *See* Fed. R. Evid. 801(d)(1)(A); *United States v. Navedo-Concepcion*, 73 F. App'x 451, 453 (1st Cir. 2003). Here, Mr. Serriello's trial testimony is consistent with his prior statements and thus falls outside the rule. At trial, Mr. Serriello testified that he does not remember who supplied him with heroin, and that he does not remember making the statements the Government attempted to attribute to him. This testimony is not inconsistent with the substance of his grand-jury testimony. It is

certainly both possible that Mr. Serriello presently lacks memory of those points and that he knew the information at an earlier time. Consequently, the Government should not be permitted to use the grand-jury testimony as substantive evidence.

Even if the Court finds that the statements are inconsistent, the Court should still exclude and strike all testimony of Mr. Serriello, whether made at the present trial or at prior proceedings, because allowing such testimony would be placing false evidence before the trier of fact. *Cf.* Mass. R. Prof. C. 3.3(a)(3). Both the Court and parties have indicated a belief that Mr. Serriello was perjuring himself in his trial testimony. Such a belief depends on a comparison of what the parties expected his testimony to be—as based on his grand-jury testimony—and how he actually testified at trial. Based on what is known, Mr. Serriello lied during his trial testimony, during his grand-jury testimony, or even possibly during both. Admitting his testimony thus risks putting false evidence before the jury.

Admitting Mr. Serriello's testimony also places Mr. Chisholm in an untenable position. As the accused, Mr. Chisholm has a Constitutional right to confront and cross examine the witnesses against him. *See* U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 54 (2004). Yet ethical considerations fetter Mr. Chisholm's ability to fully cross examine Mr. Serriello because any testimony elicited from Mr. Serriello will almost certainly be false. *See* Mass. R. Prof. C. 3.3(a)(3) (prohibiting the offer of evidence a lawyer knows to be false). Without the ability to cross examine Mr. Serriello, Mr. Chisholm loses the benefit of his core confrontation right. The Court should therefore not permit any of Mr. Serriello's testimony to go to the jury.

## CONCLUSION

For these reasons, Mr. Chisholm respectfully requests that the Court exclude the grand-jury testimony of Mr. Serriello.

Respectfully submitted,

| | |
|---|---|
| Date: June 6, 2017 | /s/Leonard E. Milligan III |
| | Leonard E. Milligan III #668836 |
| | Milligan Rona Duran & King LLC |
| | 50 Congress Street, Suite 600 |
| | Boston, MA 02109 |
| | jhk@mrdklaw.com |
| | Tel. (617) 395-9570 x104 |
| | Fax (855) 395-5525 |

*Counsel for Defendant Denzel Chisholm*

**CERTIFICATE OF SERVICE**

I, Leonard E. Milligan III, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

| | |
|---|---|
| Date: June 6, 2017 | /s/Leonard E. Milligan III |
| | Leonard E. Milligan III |